## WARREN v. CASEY et al.

### (Circuit Court of Appeals, Third Circuit. May 1, 1899.)

#### No. 29, March Term.

1. PATENTS—INFRINGEMENT—EYEGLASS CASES.

A patent for an eyeglass case, having a cover or lid of stiff material, bulged out in the middle, or buckled, so that the edges thereof fit close on the edges of the front piece while at the middle of the cover room is left to fit over the projecting or bulged portion of the front piece of the eyeglasses, *held* not infringed by a case which, among other differences, has a flexible and resilient lid, which is not bulged or buckled, but has a plain surface.

2. SAME—INFRINGEMENT.

The Warren patent, No. 589,676, for an eyeglass case, construed as limited in view of the prior state of the art to the particular device described, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit in equity by Roy L. Warren against John Casey and others for alleged infringement of a patent for a new and improved case for eyeglasses. The circuit court held that the patent was void for want of invention, and was also not infringed, and accordingly dismissed the bill. 91 Fed. 653. The complainant appealed.

Hector T. Fenton, for appellant.

E. H. Fairbanks, for appellee.

Before ACHESON, Circuit Judge, and BUFFINGTON and KIRKPATRICK, District Judges.

KIRKPATRICK, District Judge. The bill of complaint in this cause charges the defendants with infringement of letters patent of the United States No. 589,676, granted to Roy L. Warren, September 7, 1897, for a new and improved spectacle case. The only claim of the patent is as follows, viz.:

"As a new article of manufacture, an eyeglass case, comprising a pocket, composed of a back plate and a front plate, secured at three of its edges to the back plate; a distance block in the middle of the pocket, to hold the front piece away from the back plate, and protect the nose piece of an eyeglass, the free edge of the front piece cut low to enhance the insertion and removal of an eyeglass; a bulged-out or buckled lid of stiff material, hinged to the upper edge of the back plate of the pocket; and a lock for securing the lid in a closed position, as and for the purposes set forth."

The defenses interposed by the answer are anticipation, nonpatentability, and noninfringement.

A reference to the file wrapper shows that the foregoing claim of the patent was at first rejected by the patent office on reference to prior patents granted Straus (No. 150,126), Sewell (No. 295,949), and to Hauck, Jr. (No. 426,378). The inventor distinguished his device from those disclosed in the patents above referred to by the lid or cover of stiff material and buckled for the purposes set forth, which his device possessed, and which was wanting in the others; and from the patents to Farley (No. 477,235) and to Closs (No. 559,438), which showed distance blocks, because their addition to the Straus, Sewell, or Hauck, Jr., would produce an article different from that described in applicant's specification. This differentiation being satisfactory to the patent examiner, the claim was allowed, and the patent issued. Such allowance and issue carried with it prima facie evidence of novelty and utility. Lehnbeuter v. Holthaus, 105 U. S. 94. This presumption has been strengthened by the testimony of one acquainted with the trade, showing that the device is popular, and has gone into general use. It has not been overthrown by the evidence produced on the part of the defendants, resting, as it does, for the most part on the patent-office references. We are of the opinion, upon the whole case as presented in the record, that the patent is valid.

The specification of the complainant's patent describes the cover or lid of the spectacle case as "bulged out in the middle, or buckled so that the edges thereof fit close on the edges of the front piece, while at the middle of the cover or lid is left room to fit over the projecting or bulged-out portion of the front piece. This cover or lid of stiff material, when closed, gives stiffness and rigidity to the case." It seems to us that, reading the claim of the patent in the light of the specification, the lid or cover of the complainant's spectacle case is required to be a concave lid where the edges are in the same horizontal plane, but the inner portion arches towards a higher center. Being so bulged or buckled, it must be made of stiff material, and so constructed as to cover the front and reach to the lower edges of the pocket, and thereby give stiffness and rigidity to the case. This was the construction placed upon the claim to obtain allowance in the patent office, and the record shows that the cases were at first made in strict conformity therewith. An examination of the defendants' device shows that its lid is flexible and resilient. It does not cover

the lower pocket, and reach to the lower edges, thereby becoming the means of giving stiffness and rigidity to the case. It is not bulged or buckled, but has a plain surface, the surface of which reaches no further than the upper end of the pocket. In all these particulars it differs from the lid or cover required to make the complainant's device. In view of the prior state of the art and the proceedings had in the patent office, the claim of the complainant's patent should be strictly construed against him, and be restricted to the particular device described. Mahn v. Harwood, 112 U. S. 354, 5 Sup. Ct. 174, and 6 Sup. Ct. 451; Sargent v. Lock Co., 114 U. S. 63, 5 Sup. Ct. 1021. We are of the opinion that the charge of infringement has not been sustained by the proofs, and for this reason the decree of the circuit court should be affirmed.