### TOMPKINS et al. v. TERWILLIGER et al.

(Circuit Court, N. D. New York. July 21, 1903.)

1. PATENTS—VALIDITY AND INFRINGEMENT—KNITTING MACHINES.
    The Tompkins patent, No. 307,152, for devices for use in knitting machines, covers a pioneer invention, the devices shown being novel and useful; also *held* infringed.

2. SAME—PRIOR USE.
    The Tompkins patent, No. 360,931, for improvements in knitting machines, *held*, on the evidence, not void for prior public use of the invention; also *held* infringed by a machine which, while in some respects changing the form of the device, retained the principle and mode of operation.

In Equity. Suit for infringement of letters patent Nos. 307,152 and 360,931, both for improvements in knitting machines, granted to Albert Tompkins and Ira Tompkins on October 28, 1884, and April 12, 1887, respectively. On final hearing.

The bill in equity in this cause was filed to obtain an injunction restraining alleged infringement of two patents, both relating to devices for use on knitting machines, and so adapted as to be used separately, or at the same time and upon the same machine, being letters patent Nos. 307,152 and 360,931, respectively, and for damages and an accounting because of alleged infringement. Letters patent No. 307,152 were issued or dated October 28, 1884, and letters patent No. 360,931 were issued or dated April 12, 1887. Defendants say patent No. 307,152 was void for want of novelty, and its single claim contained one or more elements not found in defendants' construction, and was not infringed. Defendants say patent No. 360,931 has in each of its claims one or more elements not found in the defendants' construction and is not infringed, and that same is void, having been in public use and on sale more than two years prior to the date of the application for a patent. During the pendency of this action and before the trial the first-mentioned patent expired, and only damages can be recovered.

Wm. W. Morrill, for complainants.

Geo. A. Mosher, for defendants.

RAY, District Judge. In machines constructed for the manufacture of knitted fabrics a series of needles are arranged vertically around the circumference of a horizontal circular casting known as the "cylinder." The needles are placed in molds, and a preparation poured about them, which hardens and holds them in position in so-called leads. Knitting is done by the manipulation of thread or yarn upon and off these needles by means of burrs and wheels, the construction of the burrs not being susceptible of a brief and plain description. A take-up suspended above the machine receives the completed fabric. Some of the burrs and wheels are placed inside and others outside the web. The burrs and wheels are each mounted on a separate standard, which are arranged in feeds, and the number of burrs in a feed depends on the character of the work. Some work requires two stands to a feed in the outer circle, some four, and some six. The stands composing a feed are grouped together. The number of feeds used is limited by the space around the circle. In knitting varieties of fabric and grouping burr supports a large number of changes of position is necessary. The invention covered by the complainants' first patent, No. 307,152, relates to facilitating the adjustment of the stands which support the inner burrs and wheels. Before the application for this patent began the use of a device in evidence, "old inner circle." In this we find no provision for moving the stands around the circle. It could support but four stands, and their positions were fixed. The patent is a device for the circumferential adjustment of the inner burr stands, the claim being for the combination of the ring plate with a recessed bracket, a set screw to hold the bracket upon the ring, and other parts similar to those employed in the old inner circle.

This invention was useful and novel and successful. It was a pioneer invention. It is not shown that there was any prior device that would perform the function of the one described. It has been acquiesced in and is used on about two-thirds of the rotary knitting machines in use. There has been a large use and large sales. It is clear that this patent is not void for want of novelty. It was new and useful, and displayed great inventive skill. This court fails to dis-

cover that it contains any element not found in defendants' construction. It is clear that complainants are entitled to an accounting.

As to the second patent, No. 360,931, this court does not see that it would serve any useful purpose to describe it in detail, or to describe the defendants' construction in detail. The claim is as follows:

"(1) The combination of the ring, R, formed with the annular T-shaped groove, a, and opening, O, with the plate, P, formed with the slot, $S^2$, and the bolt, B, provided with the nut, N', all constructed and arranged substantially as and for the purposes specified.

"(2) The combination, with the cylinder of a knitting machine and supports arranged concentric thereto, of the ring, R, arranged on said supports, and formed with an annular, T-shaped groove, a, in its upper face, and opening, O, the plate, P, formed with slot, $S^2$, the bolt, B, and nut, N', the standard, A, made with the base ring, r, and threaded stem, t, and the fastening nut, n', all substantially as described."

The specifications state in part:

"Be it known that we, Albert Tompkins and Ira Tompkins, of the city of Troy, county of Rennselaer, state of New York, have jointly invented a new and useful improvement in circular-knitting machines, of which the following is a specification:

"Our invention relates to that part of a circular or rotary knitting machine that is used to attach thereto the burr-holder and presser-wheel standards. As circular or rotary knitting machines have heretofore been generally constructed, a table plate was arranged around the vertical shaft of the machine below the cylinder to receive the burr-holder and presser-wheel standards. This table plate was radially slotted to receive the standards, the lower ends of the latter being passed through the slots to rest on a rim formed on the standard, with the lower end of the latter, where passed through the slot and below the table, being adapted to receive a nut, by which said standard was kept in position. As thus made the relative position of the burr-holder and presser-wheel standards was arbitrarily limited to that of the slots, and where the machines were required to knit differing kinds of work that called for a change in the relative position of the burr-holders and presser-wheels, that could not be had by a slotted plate adapted for ordinary work, then the table plate had to be changed, there being required several kinds of plates having different arrangement of radial slots to condition a knitting machine for different kinds of work. To adapt a knitting machine for any radial arrangement and location of burr-holders and presser-wheels, and without the use of a series of the table plates, is the object of our invention. * * *

"As thus made, any number of slotted plates like that indicated at P may be applied by means of nuts or bolts to the ring, R, that the circumference of the annular groove, a, will contain, and they may be secured at any point in the circumference of the said ring relatively to the machine cylinder that may be desired, said ring being arranged on the machine table concentrically to the said cylinder. As thus made and applied, the burr-holder or presser-wheel standards may be adjustably attached to the said slotted plates, and the latter adjustably attached to the ring, R, and all the advantages which could be had by a series of table plates are obtained without the inconveniences of the latter."

This court cannot, on careful study and examination, discover that each of its claims has one or more elements not found in the defendants' construction, or that any one has. This court finds in defendants' construction substantially each and every element of the complainants' patent. This court finds that the defendants have infringed both patents.

The defendants urge that the second patent is void, the invention having been in public use and on sale more than two years prior to the date of the application for a patent. This contention is based on a

sale alleged to have been made by the complainants prior to the time mentioned. There is a sharp conflict of evidence on this question. The printed records and the exhibits have been carefully studied, and the court is satisfied that the defendants have not established any sale or public use of this invention prior to the application for the patent. The complainants invented and patented new and useful things—those described in the patents in suit—and are entitled to the benefits thereof. The defendants have infringed.

True, the defendants somewhat, in some respects, have changed the form of the device, or·some of the mechanical elements of the combination making up complainants' invention and covered by their patents, but they are not improved or substantially changed. The complainants' principle and mode of operation has been adopted. The form of the machine or of the elements changed is not a distinguishing characteristic. This change does not avoid the charge of infringement. National H. B. Co. v. I. B. Co., 106 Fed. 693, 45 C. C. A. 544.

As to the second patent, No. 360,931, dated April 12, 1887, the complainants are entitled to the injunction asked and to an accounting.

A decree will be granted accordingly.