DAYTON MALLEABLE IRON CO. v. FORSTER, WATERBURY & CO.

(Circuit Court, N. D. Illinois, E. D. March 15, 1907.)

No. 27,814.

**1. PATENTS—VALIDITY—COMBINATION.**

Under the modern rule, it is not necessary, in order to constitute a patentable combination, that each element should directly coact upon each of the others to produce the result, but, where all are necessary to obtain the desired end, a combination may be implied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 27–29.]

**2. SAME—INFRINGEMENT—FIFTH WHEEL FOR VEHICLES.**

The Morrill patent, No. 578,576, for a fifth wheel for vehicles, while of narrow scope in view of the prior art, discloses patentable novelty and invention, and is valid; also *held* infringed.

In Equity. On final hearing.

Paul Synnestvedt (James C. Bradley, of counsel), for complainant. Frederick Benjamin, for defendant.

KOHLSAAT, Circuit Judge. Complainant brings this bill to enjoin defendant from infringing patent No. 578,576, dated March 9, 1897, and granted to complainant, as assignee of the inventor, Horace E. Morrill. The cause is now before the court on final hearing. The claims in suit read as follows, viz.:

"(1) A fifth wheel for vehicles, having a king-bolt in rear of the axle, an upper fifth-wheel member secured to the bolster, a lower fifth-wheel member, secured to the axle, brace-arms from said lower member, and a collar surrounding the king-bolt and held by said brace-arms and interposed between a central clip-tie on the axle and a fixed bearing on the bolster, substantially as described.

"(2) A fifth wheel for vehicles, having a king-bolt in rear of the axle, an upper fifth-wheel member secured to the bolster, a lower fifth-wheel member secured to the axle, brace-arms from said lower member carrying a collar surrounding the king-bolt, and a clip embracing the axle directly in front of said collar and provided with a bearing for the king-bolt, substantially as described.

"(3) A fifth wheel for vehicles, having a king-bolt in rear of the axle, a bearing-plate with a collar therefor, secured to the bolster, a collar therefor secured to the upper fifth-wheel member, a collar therefor secured to the lower fifth-wheel member by brace-arms, a clip embracing the axle directly in front of said last-named collar and having its tie extended to encircle the king-bolt, substantially as described."

The patent covers all the elements of a fifth wheel for side-bar vehicles, none of which are new in the fifth-wheel art, unless it be the so-called braces, which differ some in form from the prior art. The patent locates the king-bolt and the segments of the fifth wheel back of the front axle, and therefore out of view from the front. The same arrangement is found in the E. B. Smith patent, No. 548,015, granted October 15, 1895, the Uckotter patent, No. 435,988, granted September 9, 1890, and the Wilcox patent, No. 544,710, granted August 20, 1895. The location of the king-bolt back of the axle and bolster is also shown in the Burg patent, No. 542,076, granted July 2, 1895, the Swan patent, No. 558,232, granted April 14, 1896, and the Blume patent, No. 376,178, granted January 10, 1888. In the patent in suit the king-bolt rests in a socket made up as follows, viz.: The top section of the socket is a perforated collar or lug, E, integral with and extending backward and at right angles to the bearing plate, C. The second section consists of a collar, integral with the plate under the bolster, which constitutes a part of the upper portion of the fifth wheel, and extending rearward to a position directly beneath collar, E, and adapted to engage the under side of collar, E, by means of a boss on its upper end. The third section is the collar, G, serving to lengthen the socket and engaging section 2 at its upper end by means of a boss. The fourth section consists of a perforated rearward extension of the clip-tie, located under the axle, provided with a boss in its upper end to engage the lower end of collar, G. The fifth section consists of the perforated forward end of the lower perch irons, also having a bossed end to fit into the counterbore in the under side of section 4. The sixth member consists of a nut engaging the threaded end of the king-bolt and bearing against the under side of section 5. The perforations of the several sections coincide in circumferential alignment, so that the king-bolt passes snugly through them all. This same arrangement as to number and bearing of parts is found in the Swan 1896 patent. In the patent in suit the upper perch irons are extended rearward from, and are integral with, the bearing plate, C. This is the case in the Swan and Smith patents above set out. The segment ends of the upper part of the fifth wheel are integral with the place

attached to the under side of the bolster, which also carries section 2 of the king-bolt socket.

The patentee's first application covered five claims. All of these were rejected by the examiner on the Smith, October 15, 1895, patent, the Uckotter and Swan patents. He then amended his application by striking out claims 1 and 2 and asked for a re-examination of claims 3, 4, and 5, for the reason that the above prior-art patents disclosed no brace-arms connecting the lower fifth-wheel member and the king-bolt collar. New claim 1 was again rejected on the Blume patent. The patentee asked for a re-examination as to claim 1, alleging that the braces of the patent held the collar, and that the Blume patent shows braces extending from the axle to the king-bolt at its lowest point. Claim 1 was again rejected on the Blume patent. Patentee thereupon amended claim 1 by inserting: "And interposed between a fixed bearing on the axle and a fixed bearing on the bolster"—thus locating the collar, G. Whereupon original claim 3, as amended, and original claims 4 and 5, were allowed, and constitute the claims in suit. Original claim 1 provided for a central clip embracing the axle, and having an extended collar to help form a bearing for the king-bolt. Original claim 2 covered the same clip snugly fitted to the underside of the axle. It is apparent that the examiner deemed the definite location of the braces as remedying the lack of novelty in claim 1 as allowed. The segment ends of the lower part of the fifth wheel are secured to the axle close to their extremities, and are integrally connected with said third section of the socket by what are termed "braces," extending from the latter, at first horizontally and then upwardly to the former. The drawings locate the lower end of the brace at about the perpendicular middle of the said third section of the socket and the upper end thereof at a point in the lower part of the fifth wheel, a short distance behind the axle.

The prior art does not show braces between the king-bolt socket and the lower fifth-wheel segment. Indeed, Morrill does not seem to have had this in mind as a support to the lower fifth wheel, as he does not mention it, but speaks of the brace arms as "holding" collar, G, in the first claim, "carrying" said collar in claim 2, and in claim 3 as "securing" the collar, G, to the said lower member. There is nothing to indicate that the brace supported said lower member of the fifth wheel, except the bald use of the term "brace." While the braces as constructed would afford some support, yet it is doubtful whether one seeking merely to stiffen the bearings of the lower member of the fifth wheel would have provided such a brace. The evidence is that the brace is apt to give way at the point of its contact with the collar, G. The Smith patent supports the collar corresponding to the third section, by plates integral with it and bolted to the rear of the axle. So far as the support of the collar, G, is concerned, the patent in suit shows no advance over the method of the Smith patent. Neither the latter, nor any patents in the prior art, make any attempt to strengthen the lower segment of the fifth wheel, unless the upwardly curved bar connecting the two ends of the lower segment, as shown in the Blume patent, have that effect. The tendency of this upward curved cross-

piece would be to give a truss-like support to the king-bolt socket, which would serve to spread and depress the wheel segments rather than brace them. The bar which unites the segment ends of the lower member of the fifth wheel in the Smith patent rests upon the axle, as do the segment ends where no support is required, except when the axle is turning. It may or may not serve to brace said member at such times, though no such use is claimed. The braces in Morrill's patent leave space for the central axle clip. The Burg patent shows this clip, but with forward extending fifth-wheel members. Others devices show two clips—one in each side of the king-bolt socket. The advantage of one clip over two is not very clear, except perhaps that its clip tie may be extended and used to form a part of the king-bolt socket. Much emphasis is laid upon the improvement in appearance of the central clip. It would seem to be a matter of taste whether one would look better than two. Generally speaking, the mere looks of things do not bear upon their novelty, except in case of a design patent. What we have to look for is a combination of novelty and utility. The only appreciable difference between the patent in suit and the Smith patent which I can discern is the arrangement of the braces. Aside from the sustaining property of those in Morrill's device, there is the fact that they clear the front axle and make the center clip possible. The distinction is very slight. The device of the patent, however, contains a humble modicum of patentable novelty, which, taken in connection with the fact that complainant's sales are estimated at 100,000 a year and the further fact that defendant has appropriated the device bodily—facts which, while not conclusive, are yet very persuasive—lead me to the conclusion that the patent should be sustained.

The contention that the patent calls for an aggregation of elements cannot be sustained. The rule has been much modified in later years, and it is no longer held that, in order to constitute a valid combination patent, each element must directly coact upon each of the others to produce the result. Where all are necessary to obtain the desired end, a combination may be implied. National Cash Register Company v. American Cash Register Company, 53 Fed. 367, 371, 372, 3 C. C. A. 559; Bowers v. Von Schmidt (C. C.) 63 Fed. 582, and cases cited; Walker on Patents, § 32. There does not seem to be any element set out in the patent which would not have to be taken into consideration in installing the fifth wheel claimed. Nor do I think that the invasion of Kimball and others of complainant's domain should be construed as a waiver of complainant's rights in the premises. Defendant seized upon the device of the patent in suit at his peril, and is entitled to no consideration, even outside of the rule obtaining in patent cases.

The prayer of the bill is granted. Complainant's counsel may prepare a decree in accordance herewith.