WM. F. GOESSLING BOX CO. et al. v. GUMB et al.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1917.)

No. 4694.

1. PATENTS ☜73—ANTICIPATION—PRIOR PATENT.
    A patent is not admissible in evidence as an anticipation of another patent, which, although later in date of issue, covers an invention shown to have been made before the issue of the earlier patent and upon an application filed several months prior thereto.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 64.]

2. PATENTS ☜56—ANTICIPATION.
    Finger holes in mortise locks for sliding doors held so remote in purpose and function as not to anticipate a patent for shipping cases for bottled goods having protected hand-holes for lifting the cases.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 89.]

3. PATENTS ☜56—ANTICIPATION—DEVICE IN REMOTE ART.
    A mechanical device or combination, which was not designed by its maker, or actually used, or apparently adapted to perform the function of a patented device or combination, but which was discovered in a remote art, where it was conceived and used under radically different cir-

cumstances to perform another function, neither anticipates nor limits the scope of the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 89.]

4. PATENTS ⚷328—VALIDITY AND INFRINGEMENT—SHIPPING CASE.
The Kerkow patent, No. 970,237, for a shipping case for bottled goods, was not anticipated, but discloses patentable novelty and invention; also *held* infringed.

5. PATENTS ⚷235—INFRINGEMENT—CHANGE OF FORM.
Mere changes in the form of a device, or of some of the mechanical elements of a combination, where the principle or mode of operation is adopted or used, will not avoid infringement, unless the form of the machine, or of the element or elements changed, is the distinguishing characteristic of the invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 600.]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by John Gumb, Emma Kerkow, Frances F. Kerkow, and Lora Ramsey against the Wm. F. Goessling Box Company and F. W. Goessling. Decree for complainants, and defendants appeal. Affirmed.

Alfred A. Eicks, of St. Louis, Mo., for appellants.
Paul Bakewell, of St. Louis, Mo., for appellees.

Before SANBORN and SMITH, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. The appellants, who were the defendants below, complain of a decree of the District Court, to the effect that letters patent No. 970,237, issued to Gustav C. Kerkow on September 13, 1910, on an application filed on July 26, 1907, now owned by the plaintiffs below, are valid, that the defendants have infringed upon the rights of the plaintiffs secured thereby, that the defendants are enjoined from further infringement, and that they account for their profits and the damages to the plaintiffs. The claim of the patent well describes the combination it secures, and it reads in this way:

"A shipping case for bottled goods having in its end wall a slotlike handhole formed wholly therethrough, and a substantially rectangular concavoconvex dishlike cover composed of sheet material and attached to the inner face of the case, said cover being disposed with its concavity facing and wholly inclosing the hand-hole, and the upper edge of the cover being disposed sufficiently above the upper margin of the hand-hole to accommodate and protect the fingers of the hand when grasping the case, while at the same time shielding the contents of the box from the exterior."

The object of the invention was to combine with shipping cases, and especially the beer cases generally in use, which when loaded with bottled beer weigh from 100 to 150 pounds each, simple, inexpensive, and effectual hand-hole covers, readily attachable and detachable, which would exclude from the beer the light which causes it to become cloudy, to deteriorate in taste and flavor, and to acquire a noxious odor, which would exclude the dampness and cold, and would nevertheless permit the fingers of the hands to enter the beer cases and wrap around

the inside of the upper edge of hand-holes, so that the operator could conveniently and securely grasp the upper border of these holes when lifting and handling the loaded cases. Kerkow stated in his specification that he was aware that the light had been excluded from reaching the bottles through the hand-holes by fastening flat boards or plates upon the inside of the cases over the hand-holes, but that this method of exclusion was impracticable and almost useless, because it allowed only the tips of the fingers to be inserted in the hand-holes to lift a weight of from 100 to 150 pounds. The cover he devised was a dish-like plate of concavo-convex form, having a marginal flange whereby the cover was attachable by any suitable means, such as by tacking or nailing it to the inside of the box in such a position as to provide a hollow cavity behind and above a hand-hole, so as to permit the fingers and knuckles of the hand to enter the hand-hole, and so as to permit the hand to obtain a secure grip as freely as if the cover were not attached. The specification of Kerkow also stated that his cover was desirably made of metal, preferably stamped from sheet metal, and that it may also be stamped or formed from papier-mâch'e or other suitable material, that it was strong, durable, outlasting the cases, and easily attached and removed. His hand-hole cover went into such general commercial use that more than 6,200,000 of them were made and sold between April, 1907, and April, 1916.

It is contended that the combination claimed in Kerkow's patent was anticipated by patent No. 882,470, issued March 17, 1908, to Jetter & Drews, for an improvement in beer curtains; by patent No. 156,582, to Burton Mallory, issued November 3, 1874, for an improvement in mortise locks; by patent No. 254,899, issued to Benjamin S. Atwood on March 14, 1882, for improvements in shipping cases for jars and bottles; and by patent No. 710,789, issued to Augustus F. Mack on October 7, 1902, for an improvement in boxes.

[1] At the time the patent to Jetter and Drews was offered in evidence, the fact that Kerkow made his invention prior to June, 1907, had been proved, and the parties to this suit had stipulated that his application for his patent was filed on July 26, 1907. In their answer the defendants had pleaded that this patent to Jetter & Drews had shown and described the invention of Kerkow long anterior to the time when he made it. The court sustained the objection to this patent, that it was incompetent, because it was not issued until March 17, 1908, more than a year after the date of Kerkow's invention, and more than seven months after his application for his patent, and this ruling is specified as error. The ruling was not erroneous, for this patent did not tend to prove that the device or combination of Kerkow had been patented or described in any printed publication before May, 1907, when he made his invention. Rev. Stat. §§ 4886, 4920 (Comp. St. 1916, §§ 9430, 9466); Bates v. Coe, 98 U. S. 31, 33, 34, 25 L. Ed. 68; Du Bois v. Kirk, 158 U. S. 58, 64, 15 Sup. Ct. 729, 39 L. Ed. 895; Anderson v. Collins, 122 Fed. 451, 457, 458, 58 C. C. A. 669, 675, 676.

[2, 3] The patent to Mallory was issued to secure the device of an opening through the face plate of a mortise lock in a sliding door into a chamber within the lock by means of which one could insert his finger

through the face plate and slide the door. But the art of constructing finger holes and chambers in mortise locks in sliding doors, in order to enable the operator to slide them, is so remote from that of making hand-holes for beer boxes and shipping cases and covers for them, the circumstances under and the purposes for which the former are useful, the essential requirements of structures for those purposes and the functions they are to perform, are so radically different from the circumstances, the objects, the essential requirements, and the functions which condition the latter that the efficiency and practicability of finger holes and chambers in mortise locks in sliding doors would not be likely to suggest to the mind of a skilled mechanic their use or their efficiency as hand-holes in beer boxes to enable workmen to lift and handle weights of from 100 to 150 pounds, and the combination of covers for such holes to exclude the light from the beer. A mechanical device or combination, which was not designed by its maker, nor actually used, nor apparently adapted to perform the function of a patented device or combination, but which was discovered in a remote art, where it was conceived and used under radically different circumstances to perform another function, neither anticipates nor limits the scope of the patent. Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 11, 18, 12 Sup. Ct. 601, 36 L. Ed. 327; Topliff v. Topliff, 145 U. S. 156, 161, 12 Sup. Ct. 825, 36 L. Ed. 658; Potts v. Creager, 155 U. S. 597, 608, 15 Sup. Ct. 194, 39 L. Ed. 275; National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 702, 45 C. C. A. 544, 553. The patent to Mallory falls far within this rule, and it is here dismissed.

[4] Atwood stated, in the specification to his patent issued in 1882 for "improvements in shipping cases for jars and bottles," that the objects of his invention were (1) better to adapt the boxes for retaining the strips or bars constituting the racks for the bottles and to permit the strips to be easily removed; and (2) to strengthen the ends of the boxes and render them air-tight by locating covering pieces on the inside of the customary hand-holes or openings. Laying aside the method of construction of the sides of his boxes, which his specification describes in detail, each end was required to be made of an outside board, which covered the entire end of the box, except the hand-hole through it. This exterior board was so cut that the lower half of it was thicker than the upper half, so that it had on its inside a projected portion or shelf about half way from the bottom to the top of the box, in which vertical grooves were cut to receive the ends of longitudinal strips that formed a part of the rack for the bottles, and on which an interior board which covered the upper half of the exterior board rested. In this interior board a cavity was cut out opposite the hand-hole in the exterior board, extending also above the upper edge of the hand-hole, and an interior portion of the exterior board, just above the upper edge of the hand-hole, was also cut out, so as to permit the hand to grasp firmly the upper edge of the hand-hole. The interior board was placed flush with the inner surface of the exterior board and permanently fastened in its place by vertical pieces located at its sides, extending from the top to the bottom of the box and so cut as to have the

grain of the wood run crosswise or contrary to the grain of the end boards, in order to give increased strength to the end of the box.

Patent No. 710,789 issued October 7, 1902, to Mack, for improvements in boxes, secures improvements to the special form of box described in the specification of that patent in this way:

> "The fundamental structure of the box is the rectangular frame $F$ made of angle iron or other metallic bars or rods substantially rectangular in cross-section, the concave surfaces facing inward, so as to constitute horizontal and vertical flanges for the reception, support, and protection of the edges of the bottom, side, and end pieces of the box. The frame $F$ is made of a single bar of angle iron or other metal, cut and bent into the rectangular form shown, the ends of the bar being welded together, so as to create a continuous integral structure consisting of the floor members $ff$, the corner posts $f'$ $f'$, and the end cross-bars $f^2$ $f^2$."

One of the improvements of this box described and claimed by Atwood was:

> "The combination with the frame $F$, and end pieces $E$, of the finger shields $I$ having at their upper ends rectangular extensions engaging the end cross-bars of said frame."

In the specification he writes that these finger shields are of "ordinary construction, excepting that their upper ends are each formed with rectangular extensions $i'$, which fit into the angle iron $f^2$, forming the end cross-bars of the box frame, as will be understood by reference to Fig. 6, in which it will be seen that the upper edge of the end pieces $E$ may be fitted into the angle extension $i'$ to hold the same firmly in place against and within the angle bar $f^2$. This construction insures a permanent and rigid connection of the shields with the box and over the finger openings $i^2$ $i^2$." The drawings of this patent show that these finger shields are so low, and are fastened so near to the upper edges of the hand-holes, that the fingers and hands could not be so inserted as to get a firm grasp of the upper edges of the hand-holes, and so that the finger tips alone could be used for this purpose.

The principle and mode of operation of Kerkow's invention of hand-hole cover and box was the combination of a light, cheap, easily attachable and removable, efficient cover with any box which has hand-holes, whether the box be new or old, with a special view to the combination of this cover with the standard beer boxes. The principles and modes of operation of the inventions of Atwood and Mack, so far as they related to hand-hole covers, were permanently to combine with the specific kinds of boxes they were respectively describing and promoting at the time when those boxes were made specific covers as integral parts of those boxes respectively. Their covers were neither easily attachable nor detachable, they were not as simple or as inexpensive as those of Kerkow, and they were not adapted to accomplish the broad purpose of his combination. They were not adapted to facile attachment to old boxes not specially prepared to receive them as a part of their construction when new. In view of these facts, neither the patent to Atwood nor that to Mack anticipates the invention of Kerkow. While it is not denied that the combinations of boxes and hand-hole covers disclosed by Atwood and Mack might exclude the light, cold, and damp from the interior of their boxes, and might permit the use of the hand-

holes to move them, neither of their combinations could have accomplished those results in the simple, cheap, and effective way that Kerkow discovered and offered by his combination to the public, and this fact is ample to sustain, as against the patents of Mack and Atwood, Kerkow's claim to the title of inventor. New York Scaffolding Co. v. Whitney, 224 Fed. 452, 458, 140 C. C. A. 138, 144; National Cash Register Co. v. American Cash Register Co., 53 Fed. 367, 371, 3 C. C. A. 559, 563; Pelton Water Wheel Co. v. Doble, 190 Fed. 760, 766, 111 C. C. A. 488, 494; International Mausoleum Co. v. Sievert, 213 Fed. 225, 229, 129 C. C. A. 569; Ottumwa Box Car Loader Co. v. Christy Box Car Loader Co., 215 Fed. 362, 131 C. C. A. 504; Sanders v. Hancock, 128 Fed. 424, 434, 63 C. C. A. 166, 176; Dayton Malleable Iron Co. v. Forster Waterbury Co. (C. C.) 153 Fed. 201, 204; W. W. Sly Mfg. Co. v. Russell & Co., 189 Fed. 61, 66, 110 C. C. A. 625, 630; Burdett-Rowntree Mfg. Co. v. Standard Plunger Elevator Co. (C. C.) 196 Fed. 43, 46.

For this reason, and because no device or combination prior to Kerkow's invention which resembles his patent of the combination more closely than those of Atwood and Mack, has been proved, because this result is sustained by the legal presumption of the validity of his patent and of the patentability of his invention, which always arises from the issue of a patent, and which may never be lightly disregarded (Cantrell v. Wallick, 117 U. S. 689, 695, 6 Sup. Ct. 970, 29 L. Ed. 1017; Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 434, 31 Sup. Ct. 444, 55 L. Ed. 527), because this presumption is reinforced by the fact that the board of examiners in chief of the Patent Office, on an appeal from the rejection of Kerkow's application, after a deliberate consideration of the patents to Atwood and Mack, reversed the decision of the examiner below, held the combination here in suit patentable, and caused the issue of the patent (Lehmbeuter v. Holthaus, 105 U. S. 94, 26 L. Ed. 939; Warren v. Casey, 93 Fed. 963, 964, 36 C. C. A. 29; Salt's Textile Mfg. Co. v. Tingue Mfg. Co. [D. C.] 227 Fed. 115, 118), because this presumption is still further strengthened by the decision of the United States District Court to the same effect, because the defendants in this case by the manufacture and sale of a hand-hole cover which closely resembles that of Kerkow, and bears no resemblance to the crude and expensive covers of Atwood, Mack, and the prior art, have added the testimony of their acts to the novelty and utility of Kerkow's combination (Griswold v. Harker, 62 Fed. 389, 393, 10 C. C. A. 435, 439; New York Scaffolding Co. v. Whitney, 224 Fed. 452, 457, 140 C. C. A. 138, 143; Iowa Washing Machine Co. v. Montgomery Ward & Co. [D. C.] 227 Fed. 1004, 1006), because the parties hereto are litigating the right to the use of Kerkow's combination, and because the hand-hole cover of Kerkow has gone into such general commercial use and more than 6,200,000 of them have been made and sold (Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 441, 442, 31 Sup. Ct. 444, 55 L. Ed. 527; National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 707, 45 C. C. A. 544, 558; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 495, 496, 23 L. Ed. 952; Magowan v. New York Belting Co., 141 U. S. 332, 343, 12 Sup. Ct. 71, 35 L. Ed. 781; Meccano

v. Wagner [D. C.] 234 Fed. 912, 924), the conclusion of this court is that the combination of Kerkow was novel and useful, that it was the product of the genius of an inventor, and not of the skill of a mechanic, and that his patent is valid.

The question of infringement which this case presents is not worthy of extended discussion. The defendants made, sold, and caused to be sold hand-hole plates or covers for use in beer cases with the intent and purpose that they should be used as applied to beer boxes or beer cases in the same manner in which the covers of Kerkow are described and claimed as used in his combination of covers and shipping cases in the specification and claim of his patent. The only difference not absolutely negligible between the hand-hole cover of Kerkow and that made and sold by the defendants is that the concavo-convex or dish-shaped part of Kerkow's cover is substantially rectangular, while the like part of the defendants' cover has its two upper corners so rounded off that the upper portion of its dish-shaped part is curved or semi-circular rather than rectangular. But the flanges of the defendants' cover, like those of Kerkow's, are rectangular. The cover made by the defendants is placed in the same location as that of Kerkow on the boxes, is made of the same material, is, like the cover of Kerkow, light, inexpensive, simple, easily attachable and detachable to old and new boxes alike, excludes the light, cold, and damp, has every useful attribute and advantage of the cover of Kerkow, and performs the same functions as that cover in the same way. The change in the upper portion of the dish-shaped part of the cover of Kerkow from its rectangular form to the curved form of the defendants' cover does not affect in any way the principle or mode of operation of the cover, or of the patented combination, and it does not even tend to avoid the indubitable infringement which the facts recited establish.

[5] Mere changes in the form of a device, or of some of the mechanical elements of a combination, where the principle or mode of operation is adopted or used, will not avoid infringement, unless the form of the machine, or of the element or elements changed, is the distinguishing characteristic of the invention. Columbus Watch Co. v. Robbins, 64 Fed. 384, 396, 12 C. C. A. 174; New Departure Bell Co. v. Bevin Bros. Mfg. Co. (C. C.) 64 Fed. 859; National Hollow B. B. Co. v. Interchangeable B. B. Co., 106 Fed. 693, 711, 45 C. C. A. 544, 562; Machine Co. v. Murphy, 97 U. S. 120, 125, 24 L. Ed. 935; Winans v. Denmead, 15 How. 330, 342, 14 L. Ed. 717; Kinloch Tel. Co. v. Western Elec. Co., 113 Fed. 652, 655, 51 C. C. A. 362, 365; Dowagiac Mfg. Co. v. Superior Drill Co., 115 Fed. 886, 904, 53 C. C. A. 36, 54; Anderson v. Collins, 122 Fed. 451, 455, 58 C. C. A. 669, 673; Tompkins v. Terwilliger (C. C.) 124 Fed. 545, 548; Zittlosen Mfg. Co. v. Boss, 219 Fed. 887, 892, 135 C. C. A. 551, 556.

The decree below must be affirmed; and it is so ordered.