## DISC GRADER & PLOW CO. v. AUSTIN-WESTERN ROAD MACHINERY CO.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1918.)

### No. 5141.

1. PATENTS ⬮328—CONSTRUCTION—VALIDITY.

Patent No. 758,148, for a combination in a grading machine of a rotary disc plow and a dirt carrier, *held* invalid, not showing invention, but only mechanical skill.

2. PATENTS ⬮243—COMBINATION PATENTS—INFRINGEMENT.

Where the principle and mode of operation of a patented combination are appropriated, mere changes of the form or position of the mechanical elements thereof, or the substitution of plain mechanical equivalents for some of the elements of the combination, will not deprive the device of infringement in cases in which the forms and positions changed and the specific elements rather than the equivalents substituted for them were not claimed by the patentee to be, and were not, essential and distinguishing characteristics of the invention.

3. PATENTS ⬮26(2)—COMBINATION PATENTS—VALIDITY.

A new combination of old elements by which a new and useful result is produced, or an old result is obtained in a more facile, economical, and useful way, may be patented, as well as a new machine or composition of matter.

4. PATENTS ⬮328—VALIDITY—INFRINGEMENT.

Notwithstanding restrictions because of the prior art, patent No. 816,543, for improvements in rotary disc plowing attachments, *held* infringed.

Sanborn, Circuit Judge, dissenting in part.

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by the Disc Grader & Plow Company against the Austin-Western Road Machinery Company. From a decree of dismissal, complainant appeals. Reversed and remanded, with directions.

Amasa C. Paul, of Minneapolis, Minn., for appellant.

George L. Wilkinson and John L. Jackson, both of Chicago, Ill., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and ELLIOTT, District Judge.

SANBORN, Circuit Judge. The plaintiff below, the Disc Grader & Plow Company, a corporation, the owner of letters patent No. 758,148, issued April 26, 1904, to Powlison, Erb, and Huston, for the combination in a grading machine of a rotary disc plow and a dirt carrier, and for certain combinations appurtenant thereto, and the owner of letters patent No. 816,543, issued March 27, 1906, to the same grantees, for certain improvements in rotary disc plowing attachments, sued the Austin-Western Road Machinery Company, another corporation, for infringement of these patents. The road company defended on the grounds that the patents were void for lack of invention in the devices patented, and that it had not infringed them. There was a final hearing below upon voluminous evidence, and the dismissal of the

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

suit on the grounds that patent No. 758,148 was void for lack of invention and that the road company had not infringed the exclusive rights secured by patent No. 816,543.

[1] Each of these patents is, like the great majority of all patents, for a new combination of old mechanical elements. No. 758,148 is for the combination of a rotary disc plow with a dirt carrier or dirt elevator in a grading machine. Grading machines were old, dirt carriers, endless apron dirt carriers for elevating the dirt from the ground to a wagon or other receptacle, were old, the combination of a grading machine, a dirt carrier or elevator, and a moldboard plow, whereby the earth, as it was plowed up, was thrown upon the endless apron, and carried or elevated to a receptacle or other desired location, was old. But when Powlison made, perfected, and applied for patent No. 758,148, upon the combination there patented, no one had ever succeeded in conceiving and manufacturing a successful or useful combination of a grading machine, a dirt carrier or elevator and a rotary disc plow, although unsuccessful attempts had been made to do so, and the need of such a combination had long been felt. The first question is: Was the discovery of this combination an invention? The state of the art at the time Powlison conceived his combination has been patiently studied and considered, and the majority of the court is of the opinion that Powlison's combination was the product of the skill of the mechanic, and that his conception and manufacture of it failed to rise to the dignity of an invention, a conclusion to which the writer is unable to assent. The finding and decree of the court as to patent No. 758,-148 must therefore stand undisturbed.

[2-4] This conclusion leaves nothing further for consideration, except the assignment of the grader company that the court below erred in holding that claims 1 and 3 of patent No. 816,543 were not infringed by the road company. That patent by its terms secured to the grader company the exclusive right to manufacture, use, and sell, in or for rotary disc plowing attachments, the combination described in this way:

"Claim 1. In a rotary plowing attachment, a concave rotary plowing disc, a plate secured thereto, an axle secured to the plate, a bearing support having a boxing for said axle, anti-friction devices between the axle and boxing, said bearing support having a socket cast integral therewith, said socket having its plane position at an oblique double angle to the axis of the rotary plowing disc, a standard, said socket adapted to receive the lower end of said standard, an arm connected approximately centrally to said standard, said standard carrying a moldboard scraper, and said standard adapted to be connected to a grading, or ditching, or wagon-loading machine."

"Claim 3. In a rotary disc-plowing attachment, a concave rotary plowing disc, a bearing plate connected centrally to the rear side of said rotary plowing disc, a central axle projecting rearwardly from said bearing plate, a roller bearing placed around said axle, a bearing support carrying a boxing for the roller bearing axle, said bearing plate and bearing support having circular concave ball races opposite each other, a series of bearing balls placed in said ball races, means for retaining the said bearing support in proper adjustment to the said central axle, a standard connected to the said bearing support, and an arm carrying a moldboard scraper."

One of the chief advantages of this combination is the co-operation with the other mechanical elements described therein of the anti-fric-

tion rollers secured about the axle of the plowing disc to resist lateral thrusts against it, and the bearing balls secured in circular concave ball races opposite each other in the bearing plate and bearing support to resist the longitudinal or end thrusts upon the axle. The road company at an early day recognized the value and utility of this combination and for many years, commencing in 1907, purchased from the grader company and sold to its customers the rotary disc plowing attachments manufactured by the grader company under this patent. While the record demonstrates the fact that, prior to the invention in this patent, roller bearings and ball bearings were old, that they had been used separately frequently, and that in one patent, No. 132,100, issued to Perry & Hawley, a description is found of a combination of bearing rollers and bearing balls with a railroad car axle and car box, they had never been successfully combined or used together so far as the record in this case discloses in combination with the axles of rotary disc plows, or with the other mechanical elements described in the claims under consideration until Powlison disclosed his combination in an application for the patent in suit. After the road company had learned by its purchase and sale for some years of the grader company's patent rotary disc attachment, of the utility and superiority of Powlison's combination, it proceeded to manufacture and sell the attachment, which is now claimed to constitute an infringement of the exclusive right patented to Powlison. It made, as usual in such cases, some changes in the forms and positions of some of the mechanical elements of the grader company's combination, but none which changed their effect or utility in the patented attachment. It substituted for Powlison's axle of uniform diameter screwed into the supporting plate of the disc and his single set of bearing rollers an axle made integral with the plate having two cylindrical portions of different diameters and two sets of double coned rollers, one set surrounding each of the cylindrical portions of the axle, but the principle, mode of operation, and effect of the substitutes are the same in the combination as were the parts for which they were substituted, and the substitutes are plain mechanical equivalents thereof. It took the bearing balls out of their circular concave ball races near the top of the axle between Powlison's bearing plate and bearing support and placed them in a cage between the end of the axle and the surface of the chamber in which it is supported, where they performed the same function and wrought the same result in the same way in the combination as did Powlison's bearing rollers and bearing balls in the locations where he placed them. It made other immaterial changes in the method of securing the disc to the boxing and the axle bearing rollers and bearing balls in their places and in one or two other respects.

But after a careful comparison of the road company's combination with Powlison's, and after consideration of these various changes and of the combination and device of the road company in the light of the state of the prior art and of the record, no escape has been found from the conclusion that the road company's device was conceived and constructed with a just and high appreciation of the utility of the com-

bination and co-operation with the other elements specified in claims 1 and 2 of Powlison's second patent with his axle protected against heavy lateral thrusts and friction by his roller bearings, and against friction and longitudinal thrusts by his ball bearings, with the determination to take to itself the benefit of that combination. By making immaterial changes of form and position of some of the elements of that combination, and the substitution of one mechanical equivalent for another, the road company has constructed a device which accomplishes the object it sought. But it has not escaped infringement of Powlison's second patent, because it has appropriated the principle and mode of operation of his combination. In its device the same or equivalent mechanical elements co-operate in the same way and on the same principle as do the elements of Powlison's combination, perform the same functions and accomplish the same desired and useful result. Where the principle and mode of operation of a patented combination are appropriated, mere changes of the form or position of the mechanical elements thereof, or the substitution of plain mechanical equivalents for some of the elements of a patented combination will not deprive the device of infringement in cases like this, in which the forms and positions changed, and the specific elements rather than the equivalents substituted for them were not claimed by the patentee to be and were not essential and distinguishing characteristics of the invention. Machine Co. v. Murphy, 97 U. S. 120, 125, 24 L. Ed. 935; Nat. Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 714, 45 C. C. A. 544; Zittlosen Mfg. Co. v. Boss, 219 Fed. 887, 892, 135 C. C. A. 551; Wm. F. Goessling Box Co. v. Gumb et al., 241 Fed. 674, 680, 154 C. C. A. 432.

This conclusion has not been reached without thoughtful consideration of the argument of counsel for the road company that the scope of the patent to Powlison was so limited by the state of the art when he made the invention and especially by the patents to Casady, No. 592,764; to Jernberg, No. 629,722; to Brummer, No. 644,138; to Lindy, No. 618,110; to Heylman, No. 625,764; to Lindgren, No. 647,720; to Poole, No. 657,204; to Weaver, No. 713,027 and to Hendon, No. 721,591—that the device of the road company escapes infringement. But an examination of these patents and of the other evidence of the state of the art has convinced that the exclusive right granted to Powlison was sufficiently broad to cover the combination which the road company devised and used to appropriate the benefit of that right. While some of the patents disclose some of the mechanical elements of Powlison's combination and others disclose others, none of them shows all of them or of their mechanical equivalents combined together, capable of co-operation and of accomplishing the desideratum on the principle and in the mode of Powlison's combination. This patent is for a combination, and a new combination of old elements by which a new and useful result is produced, or an old result is obtained in a more facile, economical and useful way may be patented as well as a new machine or composition of matter. Seymour v. Osborne, 11 Wall. 516, 542, 548, 20 L. Ed. 33; Gould v. Rees,

254 F.—28

15 Wall. 187, 189, 21 L. Ed. 39; National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 703, 45 C. C. A. 544; Stead Lens Co. v. Kryptok Co., 214 Fed. 368, 376, 131 C. C. A. 144; N. Y. Scaffolding Co. v. Whitney, 224 Fed. 452, 456, 140 C. C. A. 138.

The conclusion is that the decree below must be reversed, and the cause must be remanded to the court below, with directions to enter a decree in favor of the grader company and against the road company for an infringement of the first and third claims of letters patent No. 816,453, and for the usual injunction and accounting; and it is so ordered.