JONES v. CYPHERS et al.

(Circuit Court of Appeals, Second Circuit. November 24, 1903.)

No. 10.

1. PATENTS—DEVICES BELONGING IN SAME ART—VENTILATING SYSTEMS.
    Patents covering systems of ventilation belong in the same art, although they may apply the art to different structures.

2. SAME—SUIT FOR INFRINGEMENT—PLEADING PRIOR PATENTS.
    Prior patents not pleaded cannot be availed of as anticipations, but they are admissible in evidence as showing the prior art, and are to be considered in determining whether, in view of such art, the patent in suit discloses invention.

3. SAME—INVENTION—VENTILATION OF INCUBATORS.
    The Jones patent, No. 586,088, for improvements in incubators, claims 1, 2, 3, 9, and 14, which relate to a system of ventilation for the egg chamber, in which the draft created by heating an outlet pipe is used to produce a positive circulation of air in the chamber, are void for lack of patentable invention; being merely an application to incubators of devices previously known in the art of ventilation, and applied in the ventilation of houses and rooms.

Appeal from the Circuit Court of the United States for the Western District of New York.

This is an appeal from a decree of the Circuit Court, Western District of New York, on pleadings and proofs, dismissing a bill brought for alleged infringement of United States letters patent No. 586,088, issued to Walter P. Jones July 6, 1897, for improvements in incubators and brooders.

For opinion below, see 115 Fed. 324.

Claude G. Stephenson, for appellant.

C. Schuyler Davis, for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The patent contains 41 claims, of which Nos. 1, 2, 3, 9, and 14 only are involved. Briefly stated, the invention disclosed and covered by these claims, as described by complainant's expert, consists of an incubator or brooder in which there are incorporated or assembled a closed chamber having a fresh-air inlet, means for heating the chamber, which includes a heating device, and an exit or passage connecting the chamber with the heating device; the combination or organization of the elements recited being such as to produce or cause a positive circulation of air within and through the incubator or brooding chamber, by reason of directing it to the heating device. The first claim may be quoted as fairly representing the subject-matter of the five claims sued upon:

"(1) An incubator or brooder comprising a closed chamber having a fresh-air inlet, means for heating the chamber, including a heating device, and an exit-pipe connecting said chamber with the heating device, whereby, owing

¶ 2. See Patents, vol. 38, Cent. Dig. § 542.

126 F.—48

to the draft caused by such heating device, a positive circulation of air within the incubator or brooder is produced, substantially in the manner described."

Two patents were put in evidence by the defendants, about which much testimony has been taken, and upon the bearing of these patents upon the validity of the patent in suit this controversy depends. One of these is No. 101,168, March 22, 1870, to G. F. Shulze, for a "system of heating and ventilating." The other is No. 504,544, September 5th, to William Vanderheyden, for a sanitary house. The discussion is very much simplified by the concessions which, with commendable frankness, have been made by complainant's expert and counsel. The expert concedes that the heating and ventilating appliances disclosed in these two patents are substantially, in principle and mode of operation, like the corresponding elements of the claims of the Jones patent; that they disclose those features of distinction which the board of examiners found novel in the applicant's device as compared with the patents cited by the examiners. These two patents were not cited in the proceedings in the patent office. The concession is broadly stated by the complainant's expert in these words: "If the Vanderheyden patent is an incubator, no substantial novelty of the claims under consideration can be maintained." And in his oral argument, counsel made the admission that if Vanderheyden and Shulze were in an analogous art, and properly cited against the Jones patent, the validity of the claims in suit could not be maintained. Both expert and counsel, however, insist that it cannot be so cited, because "houses and incubators cannot correctly and beyond controversy be said to belong to analogous arts." The statement just quoted, however, does not meet the point. Whether houses and incubators are or are not in the same class is unimportant. The patent in suit deals with the problem of ventilating an incubator; the two earlier patents, with the problem of ventilating a house or a room; and we are clearly of the opinion that the devising of systems of ventilation belongs to a single art, whether such systems are to be applied to a hospital, a sewer, a ship's hold, a cold-storage box, an incubator, or any other structure where circulation of air is sought to be secured. The board of examiners thus expresses it:

"In considering the problem of removing vitiated air from, and supplying fresh air to, an incubator, it is difficult to conceive how any observing individual could fail to apply the means for affecting ventilation in use about him in his house and in the rooms in which he lives."

Under the decision of this court in Briggs v. Duell, 93 Fed. 972, 36 C. C. A. 38, the Vanderheyden and Shulze patents are proper citations against the ventilating claims of the patent in suit.

These two patents were not set up in the answer, and cannot, therefore, be availed of as an anticipation to invalidate the claim upon the ground of want of novelty. Grier v. Wilt, 120 U. S. 429, 7 Sup. Ct. 718, 30 L. Ed. 712. But they are admissible in evidence as showing the state of the prior art; and when the court, advised as to the prior art, reaches the conclusion that the improvement on such prior art

described in the patent sued on did not embody or require invention, and was not patentable, it is the duty of the court to dismiss the cause on that ground. "The question whether the invention which is the subject-matter in controversy is patentable, or not, is always open to the consideration of the court, whether the point is raised by answer or not." Slawson v. Grand St. R. R., 107 U. S. 652, 2 Sup. Ct. 663, 27 L. Ed. 576; Mahn v. Harwood, 112 U. S. 358, 6 Sup. Ct. 451, 28 L. Ed. 665; Hendy v. Miners' Ironworks, 127 U. S. 375, 8 Sup. Ct. 1275, 32 L. Ed. 207.

In view of the concessions of the complainant—concessions which the Vanderheyden and Shulze patents constrained him to make—there is clearly no patentable invention in applying their ventilating devices to an incubator and brooder.

The decree of the Circuit Court is affirmed.