## SODEMANN HEAT & POWER CO. v. KAUFFMAN.

## KAUFFMAN v. SODEMANN HEAT & POWER CO.

(Circuit Court of Appeals, Eighth Circuit. July 16, 1921. Rehearing Denied November 26, 1921.)

Nos. 5818, 5819.

1. **Patents ☞311—Prior patents, not pleaded, not admissible as anticipations.**
   Prior patents, not pleaded, and of which notice has not been given as required by Rev. St. § 4920, as amended (Comp. St. § 9466), while they may be admitted as showing the prior art, in aid of the construction of a claim, are not admissible as anticipations, or to invalidate the claim for want of novelty.

2. **Patents ☞112(3)—Grant carries presumption of patentable novelty.**
   The presumption arising from the granting of a patent is that it discloses patentable novelty, and can only be overcome by clear proof to the contrary.

3. **Patents ☞26(2)—New combination of old devices may be patentable.**
   A new combination of old devices, which increases the efficiency of old machines, or produces a new, useful result, or even an old result in a more facile, mechanical, useful, or effective way, may be the subject of a valid patent.

4. **Patents ☞328—1,170,544, for radiator shield, held valid.**
   The Kauffman patent, No. 1,170,544, for a radiator shield, *held* valid, in the absence of any admissible evidence of prior patents.

5. **Patents ☞28—Patentable design must present new and pleasing effect.**
   A design, to be patentable, must present to the eye of the ordinary observer a different effect from anything that preceded it, and render the article to which it is applied pleasing, attractive, and beautiful.

6. **Patents ☞328—48,939 and 49,149, for designs for radiator shields, held void.**
   The Kauffman design patents, No. 48,939 and No. 49,149, for designs for radiator shields, *held* void for lack of invention.

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit in equity by Samuel Kauffman against the Sodemann Heat & Power Company. From the decree, both parties appeal. Reversed on both appeals.

For opinion below, see 267 Fed. 435.

John H. Bruninga, of St. Louis, Mo., for plaintiff.
James L. Hopkins, of St. Louis, Mo., for defendant.

Before HOOK, Circuit Judge, and TRIEBER and NEBLETT, District Judges.

TRIEBER, District Judge. These are an appeal and cross-appeal from a decree in an action instituted by Samuel Kauffman against the

Sodemann Heat & Power Company, who will be referred to in this opinion as they appeared in the court below. 267 Fed. 435.

The plaintiff is the owner of patent No. 1,170,544, granted February 8, 1916, for radiator shields, and design patents No. 48,939, granted April 25, 1916, and No. 49,149, granted June 6, 1916, in connection with the radiator shields. The complaint charged the defendant with infringement of the three patents, and prays for an injunction and an accounting of accounts, profits, and damages, in addition to the penalties of $250 for infringement of each of the design patents, as prescribed by section 1 of the Act of Congress of February 4, 1887, c. 105, 24 Stat. 387 (section 9476, U. S. Comp. St.). The complaint contains the usual allegations in such cases.

The answer denies that the alleged inventions, or either of them, had not been known and used by others in this country, and had not been patented or described in any printed publication in this or any other foreign country, before the alleged invention or discovery by the plaintiff, and that they had not been in public use or on sale for more than two years preceding the respective applications upon which said letters patent were granted, and not abandoned to the public. It attacks the validity of all the patents upon the ground that, "in view of the prior art, they are void for want of patentability, novelty of subject-matter, and for want of invention." No prior patents are pleaded in the answer, nor was any notice given of any of the intended defenses prescribed by section 4920, Rev. St., as amended (section 9466, U. S. Comp. St.). Infringement of each of the patents is denied.

As an additional defense it is alleged that since May 1, 1916, the plaintiff has threatened suit for the alleged infringement of one or more of said letters patents against defendant, its customers, and prospective customers; that said threats were not made in good faith, but in the course of unfair competition with the defendant; that the defendant has ever since continuously invited plaintiff to institute suits against it, in order to test the validity of his patents, and the truth and falsity of the charge of infringement, but plaintiff has failed and refused to do so, until the institution of this suit (it was filed August 10, 1918), by reason whereof it is claimed that plaintiff has acquiesced in all these acts of the defendant now complained of in this action, and should be adjudged guilty of laches, and estopped from asserting any claim of infringement against the defendant.

The evidence was adduced orally in open court, in conformity with equity rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi). The decree adjudged the claims of patent No. 1,170,544, claimed to have been infringed, invalid, and dismissed the bill as to that patent, but sustained the validity of both design patents, and found that the defendant had infringed them. Both parties appealed.

[1] The court below held that, notwithstanding section 4920, Rev. St., as amended by Act March 3, 1897, c. 391, 29 Stat. 692 (section 9466, U. S. Comp. St.), and the failure of the defendant to either plead or give notice in writing 30 days before the hearing of his intention to

introduce proof that devices, anticipating plaintiff's patents, had been patented or described in some publication prior to the supposed invention or discovery thereof, and that the plaintiff was not the original inventor or discoverer of any material or substantial part of the thing presented, nor that it had been in public use or on sale in this country for more than two years prior to plaintiff's application for a patent, or had been abandoned to the public, evidence of previous patents anticipating plaintiff's was admissible.

The learned trial judge held that the previous patents were admissible to establish what was old and what was new, for the purpose of aiding the court in the construction of the patent, relying upon Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200. This was error. While the court so held in that case, the patent in that case was held to be void on its face; the court holding that that may be done, as the courts may take judicial notice, without proof, and of course without allegations, of facts of universal notoriety. 91 U. S. 42, 23 L. Ed. 200. That that decision must be limited to a patent void on its face is shown in Dunbar v. Meyers, 94 U. S. 187, 198, 24 L. Ed. 34. The court there said:

"Old processes are sometimes applied to new subjects, and where that was so, in a case which did not require the exercise of the inventive faculty, and without the development of any idea, which could be deemed new or original in the sense of the patent law, it was held that the supposed improvement was not the subject of a patent, and that courts of justice may take judicial notice of a thing in the common knowledge and use of the people throughout the country"—citing Brown v. Piper.

The court then held that proof of the state of art is admissible in equity cases, without any averment in the answer and notice, to invalidate the patent, saying:

"It consists of proof of what was old and in general use at the time of the alleged invention, and may be admitted to show what was then old, or to distinguish what was new, or to aid the court in the construction of the patent."

In Grier v. Wilt, 120 U. S. 412, 429, 7 Sup. Ct. 718, 729 (30 L. Ed. 712), it was held that, while prior patents are receivable in evidence to show the state of the art, although not set up in the answer, to aid in the construction of the plaintiff's claim, they are not admissible to invalidate that claim on the ground of want of novelty, when properly construed. In Eachus v. Broomall, 115 U. S. 429, 434,, 6 Sup. Ct. 229, 231 (29 L. Ed. 419), it was held that such proof is admissible only "for the purpose of defining the limits of the grant in the original patent and the scope of the invention described in its specifications." In Philadelphia Railway Co. v. Dubois, 79 U. S. 47, 65 (20 L. Ed. 265), it was held, quoting from the headnote:

"The novelty of a patented invention cannot be assailed by any other evidence than that of which the plaintiff has received notice. Hence the state of the art, at the time of the alleged invention, though proper to be considered by the court in construing the patent, in the absence of notice, has no legitimate bearing upon the question whether the patentee was the first inventor."

That patents not pleaded may be admitted as showing the prior art, but cannot be availed of as anticipations, is no doubt the law. Jones v. Cyphers, 126 Fed. 753, 62 C. C. A. 21; Morton v. Llewellyn, 164 Fed. 693, 694, 90 C. C. A. 514; United States Consolidated, etc., Co. v. Selma Fruit Co., 195 Fed. 264, 268, 115 C. C. A. 234; Simplex Window Co. v. Hauser Reversible Window Co., 248 Fed. 919, 161 C. C. A. 37.

[2] Disregarding the prior patents introduced by the defendants, there has been no substantial evidence warranting a finding that plaintiff's patent had been anticipated or was invalidated by reason of the prior art. The presumption arising from the granting of the patent is that it is a patentable novelty, which can only be overcome by clear proof to the contrary. Fairbanks & Morse v. Stickney, 123 Fed. 79, 59 C. C. A. 209; Stead Lens Co. v. Kryptok Co., 214 Fed. 368, 131 C. C. A. 144. The patentee has the right to rely upon the presumption the patent affords, that he was the original and first inventor of the improvement in question, and, if not advised by proper notice that it would be attacked, would in all likelihood fail to secure witnesses to rebut the evidence attacking his invention by reason of anticipation by older patents. He would be surprised by the introduction of such evidence, and may be unable to secure proof in rebuttal in time. To prevent this, section 4920, Rev. St. was undoubtedly enacted. In view of the fact that under the present equity rules the evidence has to be taken orally at the hearing, the statute requiring such notice should be more strictly enforced than it was prior to the adoption of the new equity rules, when the evidence was taken by depositions.

[3, 4] While the evidence justifies a finding that patentee's device is a combination of old elements, it also justifies a finding that a new result is produced by his device, which is more efficient than any heretofore known, to deflect, by the use of the shield in his device, the dust particles arising with the heat from the radiator, into a trough, which is also a part of his device, where they will be retained, and protect the walls and ceilings from the black dust and smoke arising from the radiator. A new combination of old devices, which increases the efficiency of old machines, or if a new useful result is produced, or even an old result in a more facile, mechanical, useful, or effective way, may be the subject of a valid patent. Cantrell v. Wallick, 117 U. S. 689, 694, 6 Sup. Ct. 970, 29 L. Ed. 1017; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122; Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527; National Hollow Brake Beam Co. v. Interchangeable Hollow Brake Beam Co., 106 Fed. 693, 707, 45 C. C. A. 544; Ottumwa Box Car Loader Co. v. Christy Box Car Loader Co., 215 Fed. 362, 369, 131 C. C. A. 504; Wm. F. Goessling Box Co. v. Gumb, 241 Fed. 674, 679, 154 C. C. A. 432; Pelton Water Wheel Co. v. Doble, 190 Fed. 760, 111 C. C. A. 488; Neill v. Kinney, 239 Fed. 309, 313, 152 C. C. A. 297.

The lithic top, it is true, shows no invention, and by itself would

not be patentable, but in connection with the brackets adapted to be placed at the ends of the radiator, by being provided with inwardly extending flanges, and the trough above the radiator, so arranged that the dust particles, arising with the heat from the radiator, will be deflected by the shield into the trough, which is removable for emptying, and, until moved, retained therein. The lithic top is arranged with fastening devices to prevent its displacement. Such a combination makes it a useful device for protecting the walls and ceiling from being discolored, and in the absence of older patents, prior use, or other legal anticipations, would be patentable. The patented device, taken as a whole, shows something more than mere mechanical skill.

The decree adjudging the patent void is reversed, but defendant may be granted leave to amend its answer and plead former patents, which are claimed to have anticipated the plaintiff's mechanical patent, No. 1,170,544, or such other defenses required to be given notice of under section 4920, Rev. St., as it may see proper.

## Design Patents.

[5] A design, to be patented, under section 4929, Rev. St., as amended by Act May 9, 1902, 32 Stat. 193 (section 9475, U. S. Comp. St.), must, in the language of the statute, be "new, original, and ornamental design for an article of manufacture not known or used by others in this country before his invention thereof." It must present to the eye of the ordinary observer a different effect from anything that preceded it, and render the article to which it is applied pleasing, attractive, and beautiful; there must be something akin to genius, an effort of the brain, as well as the hand. "The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new rôle, is not invention." Northrup v. Adams, 12 O. G. 430, 2 Bann. & Ard. 567, Fed. Cas. No. 10,328, cited and followed in Smith v. Whitman Saddle Co., 148 U. S. 674, 679, 13 Sup. Ct. 768, 37 L. Ed. 606. To the same effect are Rowe v. Blodgett & Clapp Co., 112 Fed. 61, 50 C. C. A. 120; Eaton v. Lewis (C. C.) 115 Fed. 635, affirmed 127 Fed. 1018, 61 C. C. A. 562; R. E. Dietz Co. v. Burr & Starkweather Co., 243 Fed. 592, 156 C. C. A. 290. In Soehner v. Favorite Stove & Range Co., 84 Fed. 182, 188, 28 C. C. A. 317, 323, Judge Severens, delivering the opinion of the court, in which Judges Taft and Lurton concurred, said on that point:

"The art of ornamentation with scrollwork is ancient. The classical sculpture and architecture of the old civilization employed it in various styles, and in a variety of their productions; and its use has been continued and enlarged, not only in the old departments of the arts, but in new and familiar productions in domestic life. Not only the columns, capitals, walls, and ceiling of buildings, and tapestries, old and new, illustrate it, but the counterpanes of beds, the covers of tables, and the borders of the pages and covers of books and magazines are some of many other things seen in almost universal use. * * * All these things being so, the field for invention in decorating the plates and legs of stoves with scrollwork, if it was open at all, must necessarily be limited. It could not consist, broadly, in displaying scrollwork in general upon the margins of the sides and other prominent features of the

stove. There must be something peculiar in the formation of the scrolls themselves, or in their relative arrangement, so as to produce a distinct effect, affording a special utility beyond any ordinary work of the kind."

In Smith v. Whitman Saddle Co., the court in effect held that originality and the exercise of the inventive faculty are as essential to the validity of a design patent as a mechanical patent.

See, also, Charles Boldt Co. v. Nivison-Weiskopf Co., 194 Fed. 871, 114 C. C. A. 617; Steffens v. Steiner, 232 Fed. 862, 137 C. C. A. 56; Goudy v. Hansen, 247 Fed. 782, 159 C. C. A. 641.

[6] We reproduce here copies of the designs of these two patents, and also illustrations of plaintiff's two designs, with that of the defendant charged to infringe plaintiff's patents:

KAUFFMAN DESIGN PATENT 48,939.

KAUFFMAN DESIGN PATENT 49,149.

### ILLUSTRATIONS OF DESIGNS.

The defendant's design patent anticipated both of plaintiff's. It was granted February 1, 1916, on the application filed September 13, 1915, while plaintiff's patents were granted, No. 48,939, on April 25, 1916, on the application filed January 10, 1916, and No. 49,149 was granted on June 6, 1916, on the application also filed on January 10, 1916.

We are unable to find any originality or any added beauty in plaintiff's designs, or that they are so ornamental as to be akin to genius, and which can be said to arise to the level of invention. It is no more so than was the design in design patent No. 44,616, held to be invalid by this court in Ferd Messmer Mfg. Co. v. Albert Pick & Co., 251 Fed. 894, 164 C. C. A. 10.

The decree holding that the defendant infringed plaintiff's design patents must also be reversed, and the cause remanded, with directions to proceed in conformity with this opinion.

Fig.3.

Kauffman Design Patent No. 48,939 of April 25, 1916.

Fig.3.

Kauffman Design Patent No. 49,149 of June 6, 1916.

Sodemann Design Patent of February, 1916.