### METALLIC INDUSTRIES, Inc., et al. v. BRAUNING.

(Circuit Court of Appeals, Eighth Circuit.  March 8, 1922.  Rehearing Denied June 9, 1922.)

#### No. 5958.

1. Patents ⊗⟶28—Patentable design must be attractive and present a different effect.

A design, to be patentable under Rev. St. § 4929, as amended by Act May 9, 1902 (Comp. St. § 9475), must present to the eye of the ordinary observer a different effect from anything that preceded it, and render the article to which it applies pleasing, attractive, and beautiful, and must involve an effort of the brain as well as of the hand.

2. Patents ⊗⟶28—Substitution of metal for wood does not authorize design patent.

A substitution of metal for wood as the material from which an article is made, which does not present a different effect, does not authorize a design patent.

3. Patents ⊗⟶328—Design patent No. 56,860, for toy car, held void.

The Davis design patent, No. 56,860, for a toy car, held not to disclose an original or ornamental design, authorizing the issuance of a patent.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit in equity for infringement of a patent by Jake S. Brauning against the Metallic Industries, Incorporated, and others. Decree for plaintiff, and defendants appeal. Reversed, with directions to enter a decree for the defendants.

Howard G. Cook, of St. Louis, Mo., for appellants.

Lawrence C. Kingsland, of St. Louis, Mo. (John D. Rippey, of St. Louis, Mo., on the brief), for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

TRIEBER, District Judge. The appellee, herein referred to as the plaintiff, sued the appellants for infringement of design patent No. 56,860, for a design for a toy car, commonly called a "kiddy car," to Donald V. Davis, assignor of the plaintiff. The application was filed in the Patent Office on March 31, 1920, and, as appears from the file wrapper, was rejected by the Patent Office on May 15, 1920, on Hanke 1,293,420, February 4, 1919, but on petition for reconsideration, filed by the applicant on September 27, 1920, the patent was allowed on December 7, 1920, and letters patent issued on January 4, 1921. The specifications in the application are:

---

Figure 1 is a plain view of the toy car showing my new design.

Figure 2 is a front elevation thereof.

Figure 3 is a side elevation.

Figure 4 is a rear elevation.

Figure 5 is a bottom plan view.

The claim is: "The ornamental design for a toy car, as shown."

The car is shown by the drawing filed with the application, and is here reproduced.

The complaint originally only made the Metallic Industries a party defendant, but on its motion the Simplex Steel Stamping & Manufacturing Company was also made a party defendant. It is in the usual form, setting out the patent; that defendant had infringed it, and

had been notified by plaintiff in writing of the infringement of said letters patent, and requested to desist thereform, which it has failed and refused to do, but continued to infringe by making, using, and selling toy cars embodying the design and invention of plaintiff's letters patent. The prayer is the usual one for injunction, for an accounting of profits, and the statutory penalty of $250; an assessment of damages sustained by plaintiff by reason of the infringement by defendant; and that the actual damages be trebled for willful infringement.

The answer, in addition to the usual denials of the allegations necessary to secure letters patent, denies that it has infringed plaintiff's design patent. It then alleges that the patent was obtained by plaintiff surreptitiously and unjustly, having been invented before his application by others, and gave notice that in support of these defenses it will introduce in evidence:

| U. S. Patent No. | Issued | To |
|---|---|---|
| 1,198,001 | September 12, 1916, | William N. Best. |
| 1,297,282 | March 11, 1919, | Joseph F. White, deceased. |
| 1,293,420 | February 4, 1919, | August Hanke. |
| 1,333,370 | March 9, 1920, | Richard U. Bailey. |

In addition it is alleged that the alleged invention was known to and used in the United States, long prior to Davis' alleged invention by a large number of persons, naming nine persons and their residences.

[1] As this is a design patent, the principle governing it, as held by us in the late case of Sodemann Heat & Power Co. v. Kauffman, 275 Fed. 593, is:

'A design, to be patented, under section 4929, Rev. St., as amended by Act May 9, 1902, 32 Stat. 193 (section 9475, U. S. Comp. St. 1916), must, in the language of the statute, be 'new, original, and ornamental design for an article of manufacture not known or used by others in this country before his invention thereof.' It must present to the eye of the ordinary observer a different effect from anything that preceded it, and render the article to which it is applied pleasing, attractive, and beautiful; there must be something akin to genius, an effort of the brain, as well as the hand."

That similar toy cars had been in use long prior to the plaintiff's application for the design patent is undisputed. Mr. Davis also admitted that he obtained the car on which he filed his application for the design patent by purchasing a car which he knew had been made by the defendant Simplex Company.

[2] What design is in plaintiff's car, which entitles it to a design patent within the foregoing established rule of law? That his car was made of metal, while that of the Simplex Company, bought by him and others, were made of wood, clearly fails to show any original and ornamental design, not known, nor does it present to the eye of the ordinary observer a different effect from anything that preceded it, or make it attractive and beautiful. Besides, such cars of both metal and wood were well known in the art at the time. Patent No. 1,198,001, to Best, September 12, 1916. Mr. Best, in his application for a mechanical patent for a toy car, or child's vehicle, as he designated it, said:

'My improved vehicle may be constructed of metal, wood, or any other suitable material, although I preferably form it of metal."

[3] Coming to the star wheel, which may be claimed to be ornamental, Mr. Davis testified, that he never conceived the idea of a star wheel, and it is not his idea at all, nor did he conceive the front bracket in the shape of a U beneath the seat, nor did he mention either of them in the specifications or the claim for the patent. We are unable to find anything in the drawings accompanying the application for the letters patent, or in the specifications or claim of the application, nor has learned counsel for appellee in his brief or oral argument called our attention to anything in this toy car, which entitled the patentee to a design patent within the meaning of the acts of Congress.

The decree of the court below is reversed, with directions to enter a decree for the defendants.