## JORGENSON v. HAWKINS.

(Circuit Court of Appeals, Eighth Circuit. June 5, 1926. Rehearing Denied September 13, 1926.)

No. 7169.

1. Patents ⬅310(10)—Order allowing pleading, by amendment of answer, of anticipating patents to conform to proof, held erroneous in limiting plaintiff's period of investigation to 10 days (Rev. St. § 4920 [Comp. St. § 9466]).

Under Rev. St. § 4920 (Comp. St. § 9466), requiring that defendant shall have pleaded anticipating patents and given plaintiff 30 days' notice, it was error for order allowing amendment of answer to plead them to conform to proof, to limit plaintiff's period of investigation to 10 days.

2. Patents ⬅311—Prior patents, received in evidence without pleading and notice thereof, may be used only to aid in construing plaintiff's patent, and not to defeat its validity (Rev. St. § 4920 [Comp. St. § 9466]).

While prior patents, without being pleaded and notice given under Rev. St. § 4920 (Comp. St. § 9466), are admissible in evidence to show state of prior art, when so received they can be used only to aid in construing plaintiff's patent, and not to defeat its validity.

3. Patents ⬅310(10).

Error of order allowing defendant to plead prior patents to conform to proof, in allowing plaintiff only 10 days for investigation, held waived, so that such prior patents are properly considered on anticipation; plaintiff having availed of the order and introduced rebutting evidence.

4. Patents ⬅328.

Day patent, No. 1,123,180, claim 1, for air cushion recoil pad for gunstocks, held, in view of prior patents, void for lack of patentable novelty.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by Walter R. Jorgenson against F. D. Hawkins. From an adverse decree, plaintiff appeals. Affirmed.

Ross O. Hinkle and Albert G. McCaleb, both of Chicago, Ill., for appellant.

Roy B. Marker, of Sioux Falls, S. D. (R. A. Bielski, of Sioux Falls, S. D., on the brief), for appellee.

Before STONE, KENYON, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. Appellant, plaintiff below, owner by assignment of United States patent No. 1,123,180, which was issued December 29, 1914, to James South Day for recoil pad for gunstocks, brought this suit for an injunction and damages for alleged infringement. The defenses set up in the answer were that Day was not the original inventor; noninfringement. The court at the trial rendered a decree dismissing the bill on the merits.

Claim 1 only of the patent is involved. It reads:

"1. A recoil pad for gunstocks comprising a hard rubber base plate adapted for engagement with the gunstock, and a relatively soft rubber pad secured upon said base and provided with a plurality of transversely extending air pockets open at both ends to the atmosphere."

The elements of the claim are (1) a hard rubber base plate adapted to be engaged to the gunstock; (2) a soft rubber pad secured to the hard base; (3) a plurality of air pockets extending transversely through the pad and open to the atmosphere.

The evidence shows that there were in the prior art several devices used and sold for the same purpose: Solid soft rubber pads; air inflated pads; spring pads. The most popular one prior to Day was the Silvers, which consisted of a hard rubber base plate vulcanized to a soft rubber cushion, the cushion being hollow in the center.

The evidence tends to show that the Day pad, by reason of the holes running through it, has an increased resiliency, especially at the edges; and that the cushion effect is probably somewhat increased by the frictional resistance which the walls of the open pockets exert upon the air being expelled.

The Day pad was soon replaced by an improved modification of it, known as the "anti-flinch pad," which was covered by a patent also owned by plaintiff. The main difference between the Day pad and the anti-flinch pad was in the cross-sectional shape of the air pockets going through the soft rubber pad. Inasmuch as plaintiff owned both patents, he naturally put on the market the more popular one, and the Day pad gradually disappeared.

There were also in the prior art of recoil pads for gunstocks two patents—Holton, No. 240,251, April 19, 1881, and Townsend, No. 488,855, December 27, 1892. At the trial these two patents were offered in evidence by the defendant as anticipations of Day. Objection was made to their introduction, on the ground that they were not set up in the answer, and notice was not given as required by section 4920, R. S. (section 9466, C. S.). The court, however, received the two patents in evidence, subject to objection. Later, on application of defendant, the court ordered that the defendant might amend his answer to conform to the proof, within five days; and that the plaintiff might within ten days thereafter determine and notify defendant whether he would introduce further testimony. Exception was taken by plaintiff to the ruling. This action of the court is assigned as error.

[1] Ordinarily the allowance of amendments to pleadings and the limiting of time for making response thereto rest in the sound discretion of the court, when not definitely controlled by statute. It is plain, however, that section 4920 was intended to protect a plaintiff from surprise, by providing that he should have 30 days' notice of certain defenses specified in the section, among them alleged anticipating patents. A plaintiff, under this provision of the statute, is at liberty to use whatever part of the 30 days he wishes in investigating such patents, and in determining whether he will offer rebutting evidence.

But the effect of the order of the court in the present case was to arbitrarily limit this period of investigation to 10 days. We think this was error.

[2] It is true that the patents were admissible in evidence to show the state of the prior art, even though they were not pleaded and no notice given under section 4920. But, when so received, their use in evidence would be limited. Though they could be used to aid the court in construing plaintiff's patent, they could not be used to defeat its validity. Grier v. Wilt, 120 U. S. 412, 7 S. Ct. 718, 30 L. Ed. 712; Sodemann H. & P. Co. v. Kauffman, 275 F. 593 (C. C. A. 8); Zip Mfg. Co. v. Pusch, 2 F.(2d) 828 (C. C. A. 8); Jones v. Cyphers (C. C.) 115 F. 324.

That the ruling was important is shown by the fact that the court later specifically found the Day patent invalid for lack of novelty, in view of Holton and Townsend.

[3] Plaintiff, however, is not now in position to urge this error, since by his later action he waived his right so to do. The order of the court complained of was made about September 6, 1924. Within three days defendant, pursuant to the order, filed his amended answer, setting up the Holton and Townsend patents. Thereafter plaintiff availed himself of the order of the court, and on the 29th of October, 1924, pursuant to a stipulation between counsel, plaintiff introduced rebutting evidence to meet the Holton and Townsend patents; and defendant also introduced additional evidence. Briefs were thereafter submitted, and the court took the case under advisement and rendered a decree June 17, 1925. In view of this action of plaintiff, we think that the error complained of was waived, and that the Holton and Townsend patents were properly considered in evidence as anticipations.

[4] With these two patents in evidence, we think the conclusion of the trial court that the Day patent was invalid for lack of novelty was correct.

The fastening of a hard rubber base plate to the gunstock, and a relatively soft rubber pad to the hard rubber plate, cannot be said to involve invention. The vital feature of the Day device relied upon consists of the holes or air pockets running through the soft rubber pad and being open at both ends to the atmosphere. While this particular form of air cushion is not shown either in Holton or in Townsend, nevertheless there is shown in both of them air cushion devices, and the air cushion devices are open at some point thereof to the atmosphere. This is clearly the case with Townsend, and we think it is a fair inference from the drawings and specifications of Holton. Although the exact form of air cushion shown in the Day patent is not disclosed in the prior art, yet there was disclosure of such character that the change made by Day cannot in our opinion be classed as invention.

Our conclusion is that the Day patent is void for lack of patentable novelty.

As this disposes of the case, it is not necessary to discuss the other questions involved.

Decree affirmed.